IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                              No. CR 09-0765 JB

MICHAEL CORIZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Sentencing Memorandum, filed December 22, 2010 (Doc. 73); and (ii) the United States' Sentencing Memorandum, filed December 28, 2010 (Doc. 75). The primary issue is whether the Court should grant Defendant Michael Coriz a substantial variance downward to 18 months. The Court sentences Coriz to 18 months in the custody of the Bureau of Prisons and a term of five years supervised release.

The United States Probation Office ("USPO") re-disclosed a Presentence Investigation Report ("PSR") for Coriz on November 18, 2010.[1] In the PSR, the USPO calculated Coriz' total offense level to be 24 and his criminal history category to be I, establishing a guideline imprisonment range of 51 to 63 months. There being no objections to the PSR, the Court adopts the USPO's guideline calculations in the re-disclosed PSR as its own. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which stipulates to a sentence of 18 months, as the Court is satisfied that the plea argument substantially varies for justifiable reasons.

---

[1] The USPO inadvertently omitted a 5 offense level increase under U.S.S.G. § 4B1.5(b)(1) in the PSR disclosed on October 15, 2010.

The Court notes that Coriz engaged in prohibited sexual contact with his ten-year old female cousin.  This prohibited conduct occurred on more than one occasion.  In a sealed portion of the sentencing hearing, the parties revealed to the Court the evidentiary difficulties that Plaintiff United States of America faces in this case.  After carefully considering the parties' statements, the Court is convinced that these evidentiary difficulties present significant challenges to the United States in prosecuting this case.  The Court believes that some punishment is better than no punishment at all, and given the challenges the United States faces, there is a very real possibility that Coriz would prevail at trial, despite the United States' evidence against him.  The Court has held that weaknesses in the United States' case is a legitimate grounds for a variance, because a sentence of incarceration is more just than no sentence at all.  See United States v. Summers, 506 F. Supp. 2d 686, 698-99 (D.N.M. 2007)(Browning, J.)("The Court can, under 18 U.S.C. § 3553(a), take into account the problems with the United States' case."); United States v. Jiang, 376 F. Supp. 2d 1153, 1157-58 (D.N.M. 2005)(Browning, J.)(granting a variance after examining the potential benefits to the United States and the public of going to trial); United States v. Stone, 374 F. Supp. 2d 983, 990 (D.N.M. 2005)(Browning, J.)(granting a variance after considering the United States' prospects at trial).  Additionally, the Court will impose conditions as part of Coriz' supervised release to protect the victim and the public, and to provide Coriz with education and training to address his problems.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals.  The Court has also considered the difficulties the United States faces in bringing this case to trial.  Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant.  The Court finds that a sentence of 18 months adequately reflects the seriousness of the offense -- given the weakness of the United States' case -- promotes respect for

the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. The Court believes Coriz' criminal history is adequately reflected in the applicable guideline range. The Court believes a sentence of 18 months is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.

The Court will sentence Coriz to five years supervised release. Coriz must comply with the standard conditions of supervised release, including the standard sex offender conditions that the District of New Mexico adopted on February 6, 2007. Coriz must also comply with the following mandatory conditions:

Coriz will submit to DNA collection in compliance with statutory requirements while incarcerated at the Bureau of Prisons or at the USPO's direction. Coriz shall register with the state, local, tribal and/or appropriate sex offender registry agency in the state where he resides, works, or is a student, as his probation officer directs. Coriz must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by his probation officer. Coriz may be required to pay a portion of the cost of this treatment as the USPO may determine.

Coriz will have no contact with the victim at any time. Coriz must not have contact with

children under the age of eighteen without his probation officer's prior written permission. He must immediately report unauthorized contact with children to his probation officer. Coriz is restricted from engaging in an occupation where he has access to children without prior approval of his probation officer. Coriz must not loiter within a hundred feet of school yards, parks, play grounds, arcades, or other places used primarily by children under the age of eighteen. Coriz must not volunteer for any activities in which he supervises children or adults with mental or physical disabilities. Coriz shall reside at and complete a program at a residential reentry center for a period of up to four months as approved by his probation officer.

**IT IS ORDERED** Defendant Michael Coriz is sentenced to 18 months in the custody of the Bureau of Prisons and a term of five years supervised release.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Glynette R. Carson McNabb
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

John F Robbenhaar
  Federal Public Defender
Albuquerque, New Mexico

    *Attorney for Defendant*