# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Michael Coriz** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:09CR00765-001JB**<br>USM Number: **48289-051**<br>Defense Attorney: **John Robbenhaar, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 2244(c), 18 U.S.C. Sec. 2246(3) | Abusive Sexual Contact, Crime in Indian Country, 18 U.S.C. Sec. 1153 | 02/22/2009 | 1 |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **2** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**January 12, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**March 22, 2011**
Date Signed

Defendant: **Michael Coriz**
Case Number: **1:09CR00765-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **18 months**.

**The Court incorporates herein its Memorandum Opinion and Order, filed March 21, 2011 (Doc. 77). In the Presentence Investigation Report ("PSR"), the United States Probation Office ("USPO") calculated Coriz` total offense level to be 24 and his criminal history category to be I, establishing a guideline imprisonment range of 51 to 63 months. There being no objections to the PSR, the Court adopts the USPO`s guideline calculations in the re-disclosed PSR as its own. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which stipulates to a sentence of 18 months, as the Court is satisfied that the plea argument substantially varies for justifiable reasons.**

**The Court notes that Coriz engaged in prohibited sexual contact with his ten-year old female cousin. This prohibited conduct occurred on more than one occasion. In a sealed portion of the sentencing hearing, the parties revealed to the Court the evidentiary difficulties that Plaintiff United States of America faces in this case. After carefully considering the parties` statements, the Court is convinced that these evidentiary difficulties present significant challenges to the United States in prosecuting this case. The Court believes that some punishment is better than no punishment at all, and given the challenges the United States faces, there is a very real possibility that Coriz would prevail at trial, despite the United States` evidence against him. The Court has held that weaknesses in the United States` case is a legitimate grounds for a variance, because a sentence of incarceration is more just than no sentence at all. See United States v. Summers, 506 F. Supp. 2d 686, 698-99 (D.N.M. 2007)(Browning, J.)("The Court can, under 18 U.S.C. § 3553(a), take into account the problems with the United States` case."); United States v. Jiang, 376 F. Supp. 2d 1153, 1157-58 (D.N.M. 2005)(Browning, J.)(granting a variance after examining the potential benefits to the United States and the public of going to trial); United States v. Stone, 374 F. Supp. 2d 983, 990 (D.N.M. 2005)(Browning, J.)(granting a variance after considering the United States` prospects at trial). Additionally, the Court will impose conditions as part of Coriz` supervised release to protect the victim and the public, and to provide Coriz with education and training to address his problems.**

**The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court has also considered the difficulties the United States faces in bringing this case to trial. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court finds that a sentence of 18 months adequately reflects the seriousness of the offense -- given the weakness of the United States` case -- promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. The Court believes Coriz` criminal history is adequately reflected in the applicable guideline range. The Court believes a sentence of 18 months is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.**

☐    The court makes the following recommendations to the Bureau of Prisons:


☐    The defendant is remanded to the custody of the United States Marshal.
☒    The defendant shall surrender to the United States Marshal for this district:
        ☐    at  on
        ☒    as notified by the United States Marshal.
☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        ☐    before 2 p.m. on
        ☐    as notified by the United States Marshal
        ☐    as notified by the Probation or Pretrial Services Office.

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

Defendant: **Michael Coriz**
Case Number: **1:09CR00765-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☒ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) the defendant shall immediately register as a sex offender at the Sheriff's Office or designated agency in the permanent or temporary county of residence and in accordance with all registration requirements in local, state and federal laws;
15) the defendant shall grant a limited waiver of his/her right of confidentiality and any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the probation officer and sign all necessary releases to enable the probation officer to monitor the defendant's progress. The probation officer shall disclose the presentence report and/or any previous sex offender or mental health evaluations to the treatment provider;
16) the defendant shall not possess any materials including any photographs, images, books, writings, drawings, videos, or video games depicting and/or describing sexually explicit conduct or describing child pornography, as defined in 18 U.S.C. 2256(2) or 18 U.S.C. 2256(8);

17) the defendant shall submit to search of person, property, vehicles, business, computers, and residence, to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting sexually explicit material, as defined in 18 U.S.C. 2256(2) or 18 U.S.C. 2256(8); and at the direction of the probation officer. The defendant must inform any residents that the premises may be subject to a search;

18) the defendant shall immediately undergo a psychosexual evaluation upon release and begin participating in sex offender treatment, consistent with the recommendations of the psychosexual evaluation. Furthermore, the defendant shall submit to clinical polygraph testing and any other specific sex offender testing, as directed by the probation officer;

19) the defendant shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication;

20) a defendant's use and/or possession of alcohol may be restricted if recommended by the treatment provider as a result of ongoing treatment;

21) the defendant shall not go near or enter the premises where the victim resides or is employed, except under circumstances approved in advance and in writing by the probation officer;

22) the defendant shall not have any direct or indirect contact or communication with the victim, except under circumstances approved in advance and in writing by the probation officer;

Defendant: **Michael Coriz**
Case Number: **1:09CR00765-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.

The defendant will have no contact with the victim at anytime.

The defendant must not have contact with children under the age of 18 without prior written permission of the probation officer. He must immediately report unauthorized contact with children to the probation officer.

The defendant is restricted from engaging in an occupation where he has access to children, without prior approval of the probation officer.

The defendant must not loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places used primarily by children under the age of 18.

The defendant must not volunteer for any activities in which supervises children or adults with mental or physical disabilities.

Upon release from confinement, the defendant shall reside at a halfway house for a period of time up to 4 months.

Defendant: **Michael Coriz**
Case Number: **1:09CR00765-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐	The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$100.00** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☒ In full immediately; or
B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Mandatory Restitution Act of 1996 is applicable in this case. The victim`s mother is not requesting any restitution. The victim is receiving counseling and these services are paid for through the New Mexico Department of Human Services-Medicaid Program. According to personnel at this agency, the victim is considered a "fee for service client" and there are no associated restitution claims.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.